JOSEPH FAWCETT *vs.* THE NEW HAVEN ORGAN COMPANY.

The defendants, a corporation, took in payment of a debt an equity of redemption in certain real estate, the plaintiff holding a mortgage thereon. A paper was drawn up by the mortgagor and sent to the defendants to be signed, by

Fawcett *v.* New Haven Organ Co.

which they were to discharge him from his indebtedness to them, and assume the payment of the plaintiff's mortgage. This paper was received by the defendants, and was seen by their president, superintendent and one of the directors, who expressed their disapproval of it, but after a few weeks the secretary of the company signed it in the company name and sent it to the mortgagor, who delivered it to the plaintiff. The directors of the company had no knowledge of the secretary's action in the matter until after the present suit was brought, and never authorized nor ratified it. The secretary had also written letters to the plaintiff relating to the transaction, which were copied upon the defendants' letter book, but the directors had no actual knowledge of them. In a suit brought by the mortgagee upon the contract, he having taken an assignment of the mortgagor's rights under it, it was held—

1. That the act of the secretary in signing the contract was unauthorized and not binding on the company.

2. That the acts of the secretary in the whole matter being unauthorized, could not estop the defendants from denying their liability under the contract.

3. That if these acts were to be regarded as the acts of the defendants, yet that the plaintiff had not been misled by them, in such a sense or to such an extent as to lay the foundation of a legal liability. He had paid nothing and relinquished nothing, and although he might have delayed foreclosing his mortgage in the belief that the defendants would pay the debt, it was not shown that he had suffered any loss by the delay.

ASSUMPSIT; brought to the Superior Court in New Haven County, and tried to the court before *Sanford, J.* Facts found and judgment for the defendants, and motion for a new trial by the plaintiff. The points decided will be sufficiently understood without a statement of the facts.

*H. E. Pardee,* in support of the motion.

*G. H. Watrous* and *C. S. Hamilton,* contra.

CARPENTER, J. The plaintiff held a mortgage made by one Engle on a house and lot in the state of Ohio, and he claims that the mortgagor sold the equity of redemption to the defendants, a corporation. A deed executed by the mortgagor contains a stipulation that the grantees were to pay the amount of the mortgage, having retained sufficient of the purchase money in their possession for that purpose. This suit is brought upon a promise supposed to be contained in that stipulation.

In another count the plaintiff alleges a contract under seal between the defendants and Engle, dated March 20th, 1874,

in and by which, it is claimed, the defendants obligated themselves to pay the amount due on the mortgage to the plaintiff. The plaintiff holds by assignment the rights of Engle under both deed and contract.

The court below found the facts and rendered judgment for the defendants. The plaintiff moved for a new trial. The motion presents two questions:

1. Did the defendants promise to pay the plaintiff's debt?
2. If not, are they estopped from denying a promise?

The finding answers the first question in the negative. The deed was never delivered to, or accepted by, or in the possession of, the defendants. It was merely executed by Engle, put upon record in the state of Ohio, and delivered to the plaintiff, who has ever since retained it. Nor did the defendants, or any of the board of directors, ever know of the existence or claimed existence of the deed until about the time of the commencement of this suit.

The language of a deed-poll never becomes the language of the grantee, and never affects his rights, nor imposes upon him obligations, until delivered to and accepted by him. That never having been done in this case it is difficult to see how any promise or stipulation contained in this deed can bind the defendants.

The contract of March 20th, 1874, was drawn up in the state of Ohio, and came to the defendants' office by mail. It remained there for several weeks, and was seen by the president, superintendent, and one of the directors, at least, who, however, did not give it any particular attention, except to express in decided terms the opinion that it ought not to be signed or executed by the defendants. On the 20th day of March one M. M. Gower, who was then the secretary and treasurer of the defendant corporation, made some addition to the paper, and signed it in the name of the corporation. Immediately after Gower sent it by mail or delivered it to Engle, and he handed it to the plaintiff, who retained the same. All this was done without the knowledge, authority or consent of the defendants, or of the board of directors, or any of them. Such is the substance of the finding. It certainly requires

no argument to show that the instrument thus executed cannot bind the defendants.

But, secondly, it is said that the defendants are estopped from denying a promise.

There are two essential elements to an estoppel—the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done. Both these elements are wanting in this case. The absence of either is a sufficient answer to the plaintiff's claim.

The defendants did and said nothing. The acts and conduct relied on as furnishing evidence of an estoppel were not their acts, but were the unauthorized acts of a person in their employ, which acts were never ratified by the defendants. A party may be estopped by his own conduct, but not by the unauthorized acts of another, without a subsequent ratification.

In the next place, we fail to see how the plaintiff has been deceived or misled in such a sense or to such an extent as to lay the foundation for a legal liability. He paid nothing, relinquished nothing, and has lost nothing; certainly not through any fault of the defendants. He had security on the property, which he retained and has had the benefit of. From the terms of the deed from Engle, the mortgagor, to the defendants, which was in his possession, he may have entertained the belief that the defendants would pay his debt, supposing, as he may have done, that they had accepted the deed and assumed the obligation. In that he was disappointed; but a disappointment of that kind is not sufficient.

He did nothing to change his situation in relation to the property, unless possibly there was some delay in foreclosing the mortgage. In respect to that, it does not appear that there was any delay in consequence of any expectation that the defendants would pay the debt otherwise than from the property mortgaged; and if there was any delay from any cause it does not appear that the plaintiff was prejudiced thereby.

Moreover the negotiations between the defendants and Engle had reference to the purchase of the equity of redemption merely and not to the assumption of Engles' debt to the plaintiff. And the letters from the defendants' office written by Gower proceed upon the theory that the defendants only purchased the equity of redemption, and that correspondence as early as September, 1874, explicitly denies any liability beyond the property mortgaged. It is evident that Gower acted upon the belief that that was the limit of the defendants' liability; and all that the plaintiff did was consistent with the supposition that he acted upon the same belief. He would naturally delay legal proceedings somewhat in order to allow those interested in the equity of redemption to dispose of the property without unnecessary expense. Any assumption therefore that his debt was to be paid, or any deficiency made good by the defendants, was hardly warranted by the correspondence. If not, it lays no foundation for a legal claim.

The defendants are not estopped, and a new trial must be denied.

In this opinion the other judges concurred.