HARRY H. GRILLS *v.* PEPSI-COLA BOTTLING COMPANY OF NEW LONDON, INC., ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued April 15—decided May 12, 1964

*C. Robert Satti,* for the appellant (plaintiff).

*Robert Y. Pelgrift,* for the appellee (named defendant).

MURPHY, J.  The trial court set aside a verdict rendered in favor of the plaintiff against the named defendant for injuries sustained in that defendant's bottling plant through the alleged negligence of it and another defendant, who was exonerated by the jury.  From the judgment notwithstanding the verdict, the plaintiff has appealed.  He has not appealed from the judgment for the second defendant.  The named defendant will be referred to as the company.

Actually, there is no dispute between the parties as to the facts in the case.  The sole question is whether there was sufficient evidence from which the jury could reasonably conclude that the company was negligent as alleged in the complaint and whether that negligence was the proximate cause of the plaintiff's injury.  The evidence must be considered in the light most favorable to the plaintiff. *Kerrigan* v. *Detroit Steel Corporation,* 146 Conn. 658, 660, 154 A.2d 517.

The company had installed a used bottling machine in its plant on or prior to March 3, 1959. William Laputz, an electrician, who was the second defendant, was engaged by the company to connect the electrical wires to the motor which operated the machine. When he had done so, the power was turned on in the presence of Luther Evans, the company's foreman, who told Laputz that the machine was rotating in the right direction. Laputz then left. Later that day, the machine was started under Evans' direction and jammed. Evans made several attempts to get it to operate, but each time it jammed. Evans then called in the plaintiff, a self-employed machinery repairman who had previously done work on the company's machines. He was told that Evans could not get the machine to operate and was asked to find out what the trouble was. He directed Evans to rotate the pulley manually, and the jam was released. The plaintiff then checked the timing of the machine and found it to be all right. The motor was started again, and another jam occurred which shut off the electric power automatically. With the power off, the plaintiff went to the side of the machine to examine the cam; when he placed his hand on the cam, which weighed about sixty-five pounds, it suddenly moved downward and caught the plaintiff's fingers between it and another part of the machine. On the following day, it was ascertained that the machine jammed because the wires on the three-phase motor had not been connected to the right terminals, thereby causing the motor to rotate in the wrong direction. Laputz was then called in to rectify the condition, which he did, and thereafter the machine operated properly.

The plaintiff in his complaint alleged that the

company was negligent in that it requested him to work on a machine which was in a defective and dangerous condition of which it had knowledge or, in the exercise of reasonable care, should have had knowledge, and that it failed to warn the plaintiff of that condition. The company pleaded that the plaintiff assumed the risk of injury in undertaking to correct whatever was causing the machine to jam.

To sustain a verdict against the company, it is essential that the evidence warrant a conclusion that the company was negligent in that it knew or should have known of the defective and dangerous condition of the machine and failed to warn the plaintiff of that condition. From the fact that the machine repeatedly jammed when Evans started it, the jury could find that the machine was defective in its operation. Had it not been, the services of the plaintiff would not have been employed to remedy the defect. But there is nothing in the evidence from which the jury could find that the company knew that the defect created a dangerous condition about which the company had to warn the plaintiff. The plaintiff seems to assume that the company should have known that the machine had not been properly wired by Laputz. There was, however, no evidence from which such a conclusion could with reason be inferred.

The plaintiff testified that Evans told him that he had tried unsuccessfully to get the machine to operate and that was why the plaintiff was called in—to find the trouble. The plaintiff also admitted that he was in charge of the attempt to locate the trouble and to correct it. There was nothing in the evidence from which the jury could reasonably find that the company knew or should have known that the cam would suddenly become dislodged while the

machine was motionless and move downward on the plaintiff's fingers when he placed his hand on the cam. The court was correct in holding that the plaintiff failed to prove that any duty owed to him by the company was violated or that such a violation was the proximate cause of his injuries. The court was justified in setting aside the verdict and rendering judgment notwithstanding it. *Robinson* v. *Southern New England Telephone Co.*, 140 Conn. 414, 421, 101 A.2d 491.

There is no error.

In this opinion the other judges concurred.