ELSIE F. STEEVES *v.* CONNECTICUT GENERAL LIFE INSURANCE COMPANY

CIRCUIT COURT                          SECOND CIRCUIT
                                   FILE No. CV 2-6612-48830

Memorandum filed January 19, 1968

*Rosen & Petrucelli,* of Bridgeport, for the plaintiff.

*Robinson, Robinson & Cole,* of Hartford, for the defendant.

WISE, J. In this action the plaintiff, as beneficiary, seeks to recover under an accident insurance policy issued by the defendant insuring her son. The accident policy, in the principal sum of $5000 issued by the defendant, insured David A. Steeves, son of the plaintiff, and was evidenced by policy No. TD 39914. The policy provided indemnity for

loss of life and other specified losses caused by accidental bodily injuries to the extent provided. The plaintiff was the beneficiary named in the policy. The policy was originally issued on September 28, 1950, for a term of three months from that date at a premium of $7.33 for the period. At the time of its issuance, David was a high school student. The plaintiff originally applied for the policy, paid the premium, and thereafter continued to renew the policy and to pay the premium for each renewal. The policy was in full force and effect at the time of the death of the insured on October 16, 1965.

Under the designation "Exclusions," § (5) of part V, the policy provides: "The insurance under this Policy shall not cover travel or flight in any aircraft (a) outside the mainland of North America including islands within 50 nautical miles of the mainland and flights between the mainland and such islands, except as a passenger in an aircraft operated on regular schedule by an incorporated passenger carrier over its established air route, (b) of which the Insured is a pilot or member of the crew or which is being operated for aviation training, or (c) operated by or under the direction of any military naval or other armed service."

It was stipulated by the parties that at the time of his death David was an airplane pilot and was killed in the crash of an airplane he was flying on October 16, 1965. The plaintiff concedes, as indeed she must, that this fact would bar recovery under the policy unless the exclusion was waived or modified. In her attempt to establish a waiver or modification, she claims that in 1959 she contacted a Mr. Sturges, a reputable licensed insurance agent who was the agent who wrote the policy when it was first issued, advising him that her son was now

a pilot and was flying planes; and that as a result of this conversation with him she believed that the policy from that time on removed the exclusion. This was the only conversation she had with Sturges concerning her son's flying. At no time did she ever communicate with the defendant, advising it of this fact. It is significant to point out that Sturges is not a defendant in the within action, that no fraud is claimed by the plaintiff, and that no modification of the policy is sought. The complaint alleges a cause of action solely on the policy as it was written.

Paragraph 2 of the "Standard Provisions" in the policy provides: "No statement made by the applicant for insurance not included herein shall avoid the Policy or be used in any legal proceeding hereunder. No agent shall have authority to change this Policy or to waive any of its provisions. No change in this Policy shall be valid unless approved by an executive officer of the Company and such approval be endorsed hereon." The plaintiff admitted that she read the policy when it was issued and that her husband had also read it carefully. She further admitted that she never obtained or received the approval by an executive officer of the defendant company of any change of any of the provisions of the policy and had never obtained or received any endorsement of any such approval of any change.

In giving to the plaintiff the most favorable inferences and conclusions which the evidence will admit, the court is limited to a finding that there was a conversation between the plaintiff and Sturges in which the fact that her son was flying an airplane was mentioned. There was no evidence that Sturges had any authority to make such a change in the policy or that he was the agent of the

defendant with authority to make any changes or waivers. At best, the plaintiff was "under the impression," as a result of the conversation with Sturges, that the change was made. The defendant offered testimony through a competent witness, an official of the defendant company, with personal knowledge of the policy in question, since it was handled in his division, that no change was ever made in the policy; that no "rider" was ever purchased eliminating the exclusion; that such a "rider" was possible at a considerable increase in the premium; that the plaintiff had always paid the same premium as was originally charged; that she never paid any increased premium to purchase such a "rider"; and that the policy always remained as originally issued, containing the same terms and conditions. The court so finds as a fact. Indeed, the plaintiff did not deny that she continued to pay the same amount of premium as was originally charged. As a matter of interest only, the plaintiff admitted she purchased an accident policy with another company after her conversation with Sturges.

The insurance policy in question is a written contract, to be interpreted by the same general rules as any other written contract and enforced in accord with the real intent of the parties. *Miller Bros. Construction Co.* v. *Maryland Casualty Co.,* 113 Conn. 504, 513. While it is true that where the terms of a policy are of doubtful meaning the construction most favorable to the insured will be adopted; *Porto* v. *Metropolitan Life Ins. Co.,* 120 Conn. 196, 200; there is no room for this rule of construction where the terms of the policy are plain, clear and unambiguous. *General Construction Co.* v. *Aetna Casualty & Surety Co.,* 151 Conn. 684, 685; *Leathermode Sportswear, Inc.* v. *Liberty Mutual Ins. Co.,* 150 Conn. 63, 66; *Plunkett* v. *Nationwide Mutual Ins. Co.,* 150 Conn. 203, 206; *London &*

*Lancashire Indemnity Co.* v. *Duryea,* 143 Conn. 53, 58; *Smedley Co.* v. *Employers Mutual Liability Ins. Co.,* 143 Conn. 510, 513; *Raffel* v. *Travelers Indemnity Co.,* 141 Conn. 389, 392; *Lyon* v. *Aetna Casualty & Surety Co.,* 140 Conn. 304, 310. The terms of the policy in question are plain, clear and unambiguous.

An insurance company may by a provision in a policy restrict the authority of an agent and may provide, as it did, the aforesaid paragraph 2 under "Standard Conditions." Where such a provision is inserted in a policy, the insured cannot bind an insurer by means of a waiver through the act of the agent beyond the authority conferred on him under the terms of the policy. *O'Connor* v. *Metropolitan Life Ins. Co.,* 121 Conn. 599, 605; see *Gustave Fischer Co.* v. *Morrison,* 137 Conn. 399, 402. Sturges had no authority under the policy to waive or modify any of the terms and conditions of the policy, nor was there any evidence that he obtained any such authority from the defendant. The court cannot, indeed it should not, speculate or conjecture what Sturges might have said in the conversation with plaintiff.

The court is of the opinion, in view of the factual situation in the instant case, that the plaintiff cannot recover under the policy. The issues are found in favor of the defendant.

Judgment may enter for the defendant.