## CELSO E. ELLUM *v*. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 5-685-8996

Argued January 12—decided April 17, 1970

*Gerald F. Stevens,* of Milford, for the appellant (plaintiff).

*James K. Killelea,* of Waterbury, for the appellee (defendant).

Kosicki, J. The plaintiff brought this action to recover, as beneficiary, on an alleged life insurance policy after the death of her husband, the insured under the asserted policy. The complaint contains the following allegations. On or about May 10, 1967, agents of the defendant contacted James Albert Ellum, proprietor of Mobile Homes Service, Milford, Connecticut, concerning insurance under the employee security program of the defendant. At that time, James Albert Ellum employed James Adam Ellum as a serviceman, and the plaintiff, Celso E. Ellum, was the wife of the employee, James Adam Ellum. The agents represented to Albert and Adam that the life insurance coverage under the defendant's employee security program would be effective as of May 1, 1967, if Albert agreed to purchase this program. In reliance on and influenced by the representations made by the defendant's agents, Albert agreed to purchase the defendant's employee security program and paid the agents a premium for coverage under the program. In further reliance on these representations, Adam completed and signed, on May 10, an application for insurance coverage, including a life insurance benefit in the amount of $5000. The agents took the premium paid and represented to Albert and Adam that the coverage under the program was in effect as of May 1, 1967. On May 11, 1967, James Adam Ellum, the insured, unexpectedly died. Thereafter, the plaintiff and her representatives gave notice to the defendant of his death and demanded payment of the $5000 life insurance benefit, which has not been paid.

The defendant filed an answer to the complaint which includes two special defenses. The first of

these asserts that James Adam Ellum signed an application for insurance which provided that insurance coverage would not become effective until the application had been received at the home office of the defendant and the application itself had been approved by the company. The application for insurance was received by the defendant at its home office on May 18, 1967, and rejected on or about May 24, 1967. Return of the advance premium was tendered.

The second defense states that no agent of the defendant had the authority to waive the conditions applicable to any insurance coverage resulting from the application, to modify the application, or to bind the defendant by making any promise or representation or by giving or receiving any information; and further that it was an express condition of the application for insurance that the insurance would take effect at the beginning of the calendar month the first day of which coincided with or next followed the later date of the completion by the insured of two months' continuous employment with his employer and the date of the application, provided the insurance program was then in effect and the insured was then employed by his employer. In the application, Adam stated that he had commenced continuous employment on April 17, 1967. Adam executed the application for insurance coverage on May 10, 1967, and died on May 11, 1967, which events all occurred within two months from the commencement of his employment.

The plaintiff filed a reply which included an allegation that the defendant is estopped from asserting its special defenses "in that the plaintiff, Celso E. Ellum, beneficiary under the insurance policy of the decedent, James Adam Ellum, has been harmed by the misleading conduct of the

defendant's agents which induced the decedent to change his position in reliance on defendant's agents' statements."

Thereafter, the defendant filed a motion for summary judgment together with the affidavit of E. B. Flanagan, the agent who inserted the required information on the application. The motion for summary judgment was also accompanied by the affidavit of William B. Merritt, associate director of underwriting of the defendant's northeastern home office, whose staff approves such policies on behalf of the defendant and who is familiar with the terms and conditions of applications for insurance benefits. A copy of the application, signed by James Adam Ellum, was attached to the affidavits and marked as an exhibit. The plaintiff filed the affidavits of James Albert Ellum and Stella Kasenski, and copies of certain documents, in opposition to the defendant's motion for summary judgment.

On September 25, 1969, the motion for summary judgment was granted after argument. The trial court's memorandum of decision indicates that the court concluded that there was no genuine issue as to any material fact in this case.

In her appeal, the plaintiff presents only one assignment of error, that is, that the court erred in deciding that the pleadings, supporting affidavits on file, and exhibits did not raise an issue as to any material fact or law, and in granting the motion for summary judgment against the plaintiff's objection. Practice Book §§ 298, 299, 300, 303.

It should be noted that, among the many cases cited by the parties, the present one is unique in that the suit is not to recover on an insurance policy, because no policy had ever been issued or authorized by the defendant, nor was the premium ac-

cepted. Thus, it is obvious on the pleadings alone that the plaintiff's action is not based on a contract but rather on an application for a contract of insurance which had been rejected by the defendant.

The plaintiff concedes, as indeed she must, that no express authority was granted by the defendant, to either of the named agents who executed the affidavits in support of the motion for summary judgment, whereby they could bind the defendant by altering, modifying or waiving any conditions in the application for or the contract of insurance. Nor is there any suggestion of any existing evidential matter to raise the issue of apparent authority. Thus, at the outset, upon the record before us, there is no credible basis on which the claim of estoppel can be raised against the defendant.

We may disregard the prospectus initially presented to the employer of the decedent, because nowhere do we find any statement which was misleading or tended to mislead the plaintiff to her prejudice. Furthermore, at the end of the prospectus, in bold-face type, is found the cautionary statement: "This is a brief description of the plan. Not a contract. The benefits are described in detail and governed by the policy."

The application signed by the decedent also states, among other conditions precedent, that, if the application was approved by the company, the effective date of the policy would follow after at least two months of continuous employment with the employer adopting the program, if the program was not in effect when the application was made. Otherwise, the application provided, the effective date would occur "at the beginning of the calendar month the first day of which coincides with or next follows the later of my completion of two months continuous employment with my employer [James

Albert Ellum] and the date of this application, provided such program is then in effect and I am then employed by such employer."

The receipt for payment of the advance premium given to the employer on May 10 states: "If the said Insurance Company shall approve the application for such Program, the Program shall take effect on the Effective Date inserted on the application by the Insurance Company. If the Insurance Company shall not accept the application for such Program, the amount for which receipt is hereby acknowledged will be returned upon surrender of this receipt."

It is undisputed that James Adam Ellum began continuous employment with the applicant employer on April 17, or three weeks and two days before the execution of the application on May 10. He died on May 11. It is not controverted that the application was received by the company on May 18 and rejected on May 26. It necessarily follows that none of the conditions set forth in the application was ever satisfied.

This situation, which appears of record, should be dispositive of the case. The plaintiff, however, asserts that the defendant is estopped from setting up its special defenses and from raising or relying on the conditions in the application which otherwise would defeat her claim. She alleges that the defendant's agents represented to the decedent that the claimed insurance coverage would be retroactive and would take effect as of May 1, eleven days prior to Adam's death. The defendant has denied that its agents had authority to modify the conditions of the application. The plaintiff does not claim in her brief that such authority was granted by the defendant. And nowhere does it appear that there was apparent authority for this purpose, in view of the

plain, unambiguous language of the application and receipt, which are part of the record.

" 'There are two essential elements to an estoppel —the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done.' *Fawcett* v. *New Haven Organ Co.*, 47 Conn. 224, 227; *Tradesmens National Bank* v. *Minor*, 122 Conn. 419, 424 . . . and cases cited therein at p. 425. Estoppel rests on the misleading conduct of one party to the prejudice of the other. *Franke* v. *Franke*, 140 Conn. 133, 139 . . . . In the absence of prejudice, estoppel does not exist. *Tradesmens National Bank* v. *Minor*, supra. It is fundamental that a person who claims an estoppel must show that he has exercised due diligence to know the truth, and that he not only did not know the true state of things but also lacked any reasonably available means of acquiring knowledge. *Myers* v. *Burke*, 120 Conn. 69, 76 . . . ." *Spear-Newman, Inc.* v. *Modern Floors Corporation*, 149 Conn. 88, 91. Without evidence that the party so claiming had in fact been prejudiced, an estoppel cannot be found to exist. *Andover* v. *Hartford Accident & Indemnity Co.*, 153 Conn. 439, 444.

There was no consideration for the purported agreement between the employer, the insured, or the plaintiff, on one side, and the defendant on the other, due to any representations by the defendant's agents, and the alleged agreement was not a binding obligation. *Tradesmens National Bank* v. *Minor*, supra, 423. "The acts and conduct relied on as furnishing evidence of an estoppel were not . . . [the defendant's] acts, but were the unauthorized

acts of . . . [persons] in . . . [its] employ, which acts were never ratified by the . . . [defendant]. A party may be estopped by his own conduct, but not by the unauthorized acts of another, without a subsequent ratification." *Fawcett* v. *New Haven Organ Co.*, 47 Conn. 224, 227. The contract was not signed by anyone who could bind the defendant. Ibid.

It appears in argument that neither the plaintiff nor the insured nor the employer read the application before its execution. "That of itself was inexcusable negligence. The application contained . . . agreements and representations in an important contract. When . . . [the applicant] signed it . . . [he] was bound to know what . . . [he] signed." *Ryan* v. *World Mutual Life Ins. Co.*, 41 Conn. 168, 172. Where the policy or application restricts the agent's authority to change its terms, the insurer is not estopped even if the statements had been made by its agent, where there is no proof that the statements were known to the company. *Ward* v. *Metropolitan Life Ins. Co.*, 66 Conn. 227, 241.

The plaintiff does not claim that the company had waived any of the conditions precedent to the issuance of the policy. She rests her whole case on the asserted estoppel of the defendant to set up its special defenses.

It cannot be denied that an insurance company can restrict the authority of an agent exercising limited powers, as the defendant appears to have done in the instant case. Nor has the defendant by its words or conduct enlarged the agents' authority.

It has been held that where the insured has died, as in this case, before the insurer has through its manager received the premium, there can be no waiver, if the insurer was ignorant of the fact of

death, of the requirement of reexamination of the insured for reinstatement of the policy. A valid reinstatement of policy is based on the assumption that the insured is still alive at the time it takes place. *O'Connor* v. *Metropolitan Life Ins. Co.,* 121 Conn. 599, 607, 609; see such cases as *Donohue* v. *New York Life Ins. Co.,* 88 F. Sup. 594, 595 (D. Conn.); *Bahr* v. *Prudential Ins. Co.,* 5 Conn. Cir. Ct. 620; *Steeves* v. *Connecticut General Life Ins. Co.,* 5 Conn. Cir. Ct. 102.

We have already observed above that the principal claim of error advanced by the plaintiff is that there was a material issue of fact or law involved in this case which entitles the plaintiff to a trial on the merits and that therefore the granting of the defendant's motion for a summary judgment was erroneous.

"A 'genuine' issue has been variously described as a 'triable,' 'substantial' or 'real' issue of fact; see note, 48 Colum. L. Rev. 780; and has been defined as one which can be maintained by substantial evidence. *Firemen's Mutual Ins. Co.* v. *Aponaug Mfg. Co.,* 149 F.2d 359, 362 (5th Cir.); *Riss & Co.* v. *Assn. of American Railroads,* 190 F. Sup. 10, 17 (D.D.C.); note, 48 Iowa L. Rev. 453, 454. Hence, the 'genuine issue' aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. Note, 48 Colum. L. Rev. 780, 781; see *Dewey* v. *Clark,* 180 F.2d 766, 772 (D.C. Cir.); *Whitaker* v. *Coleman,* 115 F.2d 305, 306, 307 (5th Cir.). A 'material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case. *Curtis* v. *United States,* 168 F. Sup. 213, 216 (Ct. Cl.), cert. denied, 361 U.S. 843 . . . . 'Issue of fact'

encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 378, 379.

Our rules of practice provide that "[a] motion for summary judgment shall be supported by affidavits and by other available documentary proof, such as disclosures, written admissions and the like. The motion shall be heard at a short calendar session . . . unless the court otherwise directs. The adverse party prior to the day of hearing shall file opposing affidavits and other available documentary evidence." Practice Book § 299. "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 303.

The court correctly found that there was no material issue of fact which would require trial or the filing of further pleadings formally presenting that issue. The plaintiff relies heavily on the rule enunciated in *Associates Discount Corporation* v. *Smith's Windham Lincoln-Mercury Sales, Inc.,* 153 Conn. 176, 180, in which the Supreme Court said: "In passing on the defendant's motion for summary judgment the trial court was limited to deciding whether an issue of fact existed, but it could not try that issue if it did exist. *Rathkopf* v. *Pearson,* 148 Conn. 260, 264 . . . . If the affidavits and papers in the file (Practice Book § 299) raised an issue of law, it was not the province of the court to undertake conclusively to resolve that question; instead, it should follow the procedure provided by § 306 of the Practice Book and require the filing of pleadings

formally presenting that issue. *Perri* v. *Cioffi*, 141 Conn. 675, 680 . . . ." In that case the defendant had denied liability on two grounds, first, that it had not made the guarantee alleged, and, second, that no suit could be maintained by the plaintiff until deficiencies had been determined by a legal and properly conducted sale, which had not been held.

In the present case, the only claim presented was that of estoppel, and the documentary proof made it plain that the claimed statements of the defendant's agents were not binding on the defendant. In view of the lengthy recital above, it is unnecessary to repeat the rules of law applicable in a situation like the one before us. We need only to refer to such cases as *Loubet* v. *Loubet*, 155 Conn. 695, *Kasowitz* v. *Mutual Construction Co.*, 154 Conn. 607, 613, 614, *Pistey* v. *Vlastaris*, 151 Conn. 716, 717, and *Rathkopf* v. *Pearson*, 148 Conn. 260, 263. In *Kasowitz*, the Supreme Court, quoting with approval from a federal case, said " 'It is not enough that one opposing a motion [for a summary judgment] claims there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented. The movant has the burden of showing the non-existence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist.' *Boyce* v. *Merchants Fire Ins. Co.*, 204 F. Sup. 311, 314 (D. Conn.)."

There is no error.

In this opinion CASALE and JACOBS, Js., concurred.