SPEAR-NEWMAN, INC. *v.* THE MODERN FLOORS CORPORATION ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 10—decided November 21, 1961

*Lewis J. Somers,* for the appellant (plaintiff).

*Andrew F. Pulaski,* for the appellees (defendants).

SHEA, J. In the first count, the plaintiff sued to recover the value of goods sold and delivered to the defendant corporation, hereinafter called the defendant. In the second count, the plaintiff sought recovery from the defendant Louis Abeloff under a written contract of guarantee by which Abeloff undertook to pay to the plaintiff, when due or on demand, any debt due the plaintiff from the defendant, together with all expenses of collection and reasonable counsel fees. The contract was a primary and unconditional obligation to cover all existing and future indebtedness of the defendant to the plaintiff and was enforceable either before or after proceeding against the defendant. The contract provided that if the defendant became insolvent, all liabilities of the defendant to the plaintiff were to mature immediately. In reliance on the guarantee, the plaintiff sold and delivered to the defendant merchandise on which there was due to the plaintiff an unpaid balance of $4154.51, including interest.

The defendant became insolvent and a number of its creditors met to discuss its financial difficulties. An officer of the plaintiff attended this meeting. It was proposed that the defendant pay the accounts of all the creditors by making a cash payment of 30 percent to each creditor in exchange for a release of all further liability of the defend-

ant. A creditors' committee, formed informally to review the defendant's affairs, sent a letter addressed to all the creditors recommending the acceptance of this proposal. The defendant was unable to raise the necessary money, and a new proposal was then made to the creditors' committee by the defendant under which it offered to pay 25 percent of all the claims in cash immediately and to give to each creditor a note for 5 percent of his claim, payable one year after date. Thereupon, the committee sent to the creditors a letter reciting the details of the negotiations between the defendant and the committee. Each letter contained a check and a note from the defendant to carry out the new proposal. The plaintiff received one of these letters, in which was enclosed a note and a check marked "[t]he acceptance of this check & a note of even date herewith constitutes full payment of the account held by the payee against Modern Floors, Inc., of Meriden, Connecticut." The plaintiff has kept the check and the note without making any attempt to obtain the payment of them. All the checks and notes issued to the other creditors have been paid. The court concluded that the plaintiff had participated in the creditors' meetings, that a composition with creditors was arranged by the creditors' committee, that the defendant had fully performed its agreement, and that the retention of the check and the note by the plaintiff barred its recovery in this case.

The facts concerning the defendant Abeloff's guarantee are not in dispute, nor does either defendant contest the amount of the debt. By way of special defense, however, they pleaded that the plaintiff, together with other creditors, had agreed with the defendant and the other creditors to ac-

cept the check and the note in payment of its claim.

The plaintiff, among its assignments of error, claims that certain facts in the finding were found without evidence. The defendants have failed to file an appendix to their brief setting forth the evidence, if there is any, to sustain the challenged findings. See Practice Book §§ 446, 447; *Vitale* v. *Gargiulo,* 144 Conn. 359, 362, 131 A.2d 830. Therefore, these findings must be stricken. With these changes, there is nothing to show that the plaintiff participated in the appointment of a creditors' committee to act in its behalf or that it agreed to any composition with creditors.

The defendant claims that the retention of the check and the note by the plaintiff, even when the plaintiff did not obtain payment of them, constituted an acceptance of the new proposal. To support this claim, the defendant attempts to invoke the doctrine of estoppel. "There are two essential elements to an estoppel—the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done." *Fawcett* v. *New Haven Organ Co.,* 47 Conn. 224, 227; *Tradesmens National Bank* v. *Minor,* 122 Conn. 419, 424, 190 A. 270, and cases cited therein at p. 425. Estoppel rests on the misleading conduct of one party to the prejudice of the other. *Franke* v. *Franke,* 140 Conn. 133, 139, 98 A.2d 804. In the absence of prejudice, estoppel does not exist. *Tradesmens National Bank* v. *Minor,* supra. It is fundamental that a person who claims an estoppel must show that he has exercised due diligence to know the truth, and that he not only did

not know the true state of things but also lacked any reasonably available means of acquiring knowledge. *Myers* v. *Burke,* 120 Conn. 69, 76, 179 A. 88.

In this case, the defendant was not prejudiced by any statement or action of the plaintiff. Enclosed with the last letters addressed to all the creditors submitting the new proposal were the checks and the notes of the defendant. The plaintiff did nothing to indicate its acceptance of this proposal. The mere retention of the check did not constitute an acceptance of the proposal. See *Borst* v. *Ruff,* 137 Conn. 359, 361, 77 A.2d 343. The failure of the plaintiff to return the check and the note could not have worked any prejudice because the checks and the notes offered the other creditors under the new plan of settlement were mailed at the same time as the letter, check and note were mailed to the plaintiff. Had the defendant exercised proper diligence, it could have ascertained the disposition of the plaintiff toward the proposed composition before any payments were made to anyone. *Myers* v. *Burke,* supra. There was no estoppel in this case.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.