GEORGE MERCIER *v.* AMERICAN REFRACTORIES AND
CRUCIBLE CORPORATION ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued February 4—decided May 5, 1964

*Clarence A. Hadden,* for the appellant (plaintiff).

*Francis J. Moran,* with whom, on the brief, were *John E. McNerney, Albert R. Moquet* and *Robert F. Moran,* for the appellees (defendants).

ALCORN, J. The plaintiff appeals from a judgment of the Superior Court dismissing his appeal to that court from an adverse decision of a workmen's compensation commissioner. Error is assigned in the court's failure to correct the commissioner's finding and award, in failing to rule on an evidential question, in failing to grant the plaintiff's motion for an order requiring the commissioner to certify to the court certain documents from the commissioner's file and in overruling the plaintiff's claims of law.

The court did not err in refusing to correct the commissioner's finding. Additions which are sought in the finding relate only to facts taken either from uncontradicted testimony or from documents, some of which were not even marked as exhibits, and do not involve admitted or undisputed facts. It was the commissioner's function to find the facts and determine the credibility of witnesses. *Palumbo v. George A. Fuller Co.,* 99 Conn. 353, 355, 122 A. 63. A fact is not admitted or undisputed merely because it is uncontradicted; Practice Book, 1963, § 628 (a); or because it appears in an exhibit marked in evidence. *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 41, 82

A.2d 152. One deletion sought in the finding would be of no advantage to the plaintiff because the same facts appear in another paragraph of the finding which is not attacked, and the claim that another deletion should be made is not pursued in the brief and is, therefore, treated as abandoned.

The court's refusal to order the commissioner to certify five documents from his file was correct. The information contained in three of the documents appears in corrections which the commissioner made in the finding. The court did not abuse its discretion in refusing to order certification of the other two documents. The motion was based on Practice Book, 1951, § 311, as amended (now Practice Book, 1963, § 433), which permits the court to order certification of a part of the record which it deems necessary for the proper disposition of the appeal. These documents were forms, one of which was claimed to have been filed with the commissioner in February, 1955, reciting an injury to the plaintiff's back during the week ending January 29, 1955, and the other was a notice of intention to terminate compensation payments, allegedly received by the commissioner on April 21, 1955. For reasons which will subsequently appear the court could properly conclude that they were not necessary for the proper disposition of the appeal.

The plaintiff complains that the court erroneously failed to consider a ruling by the commissioner refusing to admit into evidence the entire file of the defendant insurance company, hereafter called the insurer, concerning the plaintiff. The file was offered by the plaintiff as tending to show that the insurer had treated the plaintiff's case as an accepted workmen's compensation case. The insurer objected on the ground that there was nothing to

indicate that anything in the file would serve that purpose. The commissioner sustained the objection, indicating that he would not admit the large file as an exhibit and thereby make it necessary to search through it for such material as might be pertinent to the purpose of the offer. The commissioner then suggested a recess to permit the plaintiff's attorney to examine the file for anything of evidential value which he might wish to offer. A recess was thereupon taken, but no further offer of evidence from the file was made by the plaintiff. Under these circumstances, the commissioner's ruling was harmless.

There remain for consideration the plaintiff's claims of law, which amount to the assertion that the insurer should, on the equitable principles of waiver, estoppel or laches, be denied the right, at this time, to contest the claim of the plaintiff that he is suffering from a compensable injury. The basis of the claim is that the insurer had, by its action over a period of seven and one-half years, lulled the plaintiff into the belief that his case was being treated as a compensable one so that now, when called on to do so, he is unable to prove a 1955 injury arising out of his employment.

The facts may be summarized as follows. The plaintiff, while employed by the named defendant, sustained a lumbosacral strain arising in the course of and out of his employment on September 14, 1954. He was treated by the company doctor, lost no time from work, suffered no disability, either permanent or temporary, and continued in his employment with the named defendant. He worked without incident until the latter part of January, 1955, when he complained to his employer of difficulty with his legs, arms, hips and shoulder blades. On February 17,

1955, he complained to the insurer of pain between his shoulder blades and in his chest, right hip, leg and left arm. He did not, however, relate the symptoms to any accidental injury but, on the contrary, stated that the pain had commenced some two months prior to February 17, 1955. From January 28, 1955, to January 2, 1962, he was examined and treated by various doctors at the expense of the insurer. During all of this period, he continued to work for the defendant employer except for a period of thirteen weeks from and after January 31, 1955, during which he was paid compensation and for a part of which time he was hospitalized at the expense of the insurer. From April 19, 1955, until February 23, 1962, he worked continuously and satisfactorily for the defendant employer. Owing to a lack of the type of work he had been performing, a conference was held on February 20, 1962, between the plaintiff and representatives of his union, on the one hand, and the defendant employer and the insurer, on the other hand, at which it was arranged that the plaintiff be given a leave of absence for six months from February 23, 1962, during which time he would receive any necessary medical treatment and would be paid compensation if he did not work and partial compensation if he secured other employment at a wage differing from his average wage with the defendant employer. Thereafter, the plaintiff did not work and made no attempt to seek work for about three months, although he had an earning capacity. No voluntary workmen's compensation agreement was ever signed or filed with the commissioner. See Sup. 1953, § 2290c, Cum. Sup. 1955, § 3047d (as amended, General Statutes § 31-296). The insurer failed to make payments following the February conference, and the plain-

tiff was granted hearings before the commissioner on May 7 and 21, June 22 and July 13, 1962. At these hearings he claimed to be entitled to compensation for temporary total disability from and after February 23, 1962. He claimed the disability to be referable first to an injury on January 25, 1955, then to the injury on September 14, 1954, which manifested itself in the latter part of January, 1955, and finally to either the 1954 or a January 25, 1955, injury. The commissioner found, as already indicated, that the plaintiff sustained a compensable injury on September 14, 1954, which resulted in no permanent or temporary disability. This finding is not disputed. He further found that the plaintiff had failed to prove a compensable injury on January 25, 1955. Finally, he found that the plaintiff had an earning capacity from February 24, 1962, through the date of the hearings and that, in all probability, had his job not been terminated, he would have continued the satisfactory performance of his work for the defendant employer.

The plaintiff concedes his inability to prove a compensable injury on January 25, 1955. He claims, however, that this inability is due to the long period of time during which he has been lulled into the belief that the insurer was treating his case as compensable. Because of this, he insists that the insurer may not now be heard to deny that he had sustained a compensable injury on January 25, 1955. Even if it were to be assumed that this claim is sound, his right to ultimate relief is factually disposed of by the commissioner's finding that the plaintiff was not disabled from working during the period for which he seeks compensation for temporary total disability.

The plaintiff's claim, however, is invalid, resting

as it does, on the claim of waiver, laches or estoppel. The claims of waiver and laches are without merit because the plaintiff had taken no action to establish a compensable injury. The defendants could not be charged with having waived a defense, or with having unduly delayed in making a defense against a nonexistent claim. It is clear that, under proper circumstances, an employer may, by his conduct, estop himself from asserting what under other circumstances would constitute a good defense to a claim for compensation. 12 Schneider, Workmen's Compensation (Perm. Ed.) § 2472; 100 C.J.S. 183, Workmen's Compensation, § 401. Whether such an estoppel exists, however, must be determined by the application of the general principles of estoppel under the circumstances of the particular case. 58 Am. Jur. 848, Workmen's Compensation, § 413. Estoppel involves the two elements of misleading conduct by one party and prejudicial harm resulting to the other party. *Spear-Newman, Inc.* v. *Modern Floors Corporation,* 149 Conn. 88, 91, 175 A.2d 565. In the present case, there is no claim that the insurer said or did anything which could be construed as an admission of liability or in fact made any positive statement regarding the plaintiff's case which it would now be estopped to deny. See cases such as *Hayden* v. *R. Wallace & Sons Mfg. Co.,* 100 Conn. 180, 185, 123 A. 9; *Piscitello* v. *Boscarello,* 113 Conn. 128, 131, 154 A. 168. The only conduct of the insurer which the plaintiff asserts to be misleading is the furnishing of financial help in an effort to cure what the doctors believed to be a herniated disc condition. One who asserts an estoppel "must show that he has exercised due diligence to know the truth, and that he not only did not know the true state of things but

also lacked any reasonably available means of acquiring knowledge." *Spear-Newman, Inc.* v. *Modern Floors Corporation,* supra. The record in this case indicates that the plaintiff not only took no formal action to assert any rights under the compensation act or to obtain an earlier hearing before the commissioner but, so far as appears, accepted the financial benefits offered him without inquiry of either the defendant employer or the insurer as to its position. The only claim of prejudice is that the lapse of time disabled him, apparently through faulty memory, from proving his case. He was able, however, without difficulty, to prove his earlier accident on September 14, 1954. It does not appear that any witness had died or left the jurisdiction or that any supporting evidence had been lost concerning any injury in January, 1955. The plaintiff was able to testify, although vaguely, about his symptoms in January, 1955, but was unable to fix either the date or the circumstances of a specific injury in that month. On this state of facts it cannot be said that the plaintiff has established the essential elements of an estoppel.

There is no error.

In this opinion the other judges concurred.