ROBERT J. LEARY *v.* STYLARAMA OF NEW HAVEN, INC.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued December 9, 1977—decision released January 31, 1978

*William F. Gallagher,* with whom, on the brief, were *Richard L. Shiffrin* and *Daniel F. Flynn,* for the appellant (plaintiff).

*William L. Hadden,* with whom were *Arthur C. Hadden* and, on the brief, *Clarence A. Hadden,* for the appellee (defendant).

PER CURIAM. The narrow issue raised on this appeal is whether the court (*Grillo, J.*) erred in granting the defendant's motion to strike the case from the jury list[1] in response to the defendant's claim that the plaintiff had contractually waived his right to a jury trial.

The plaintiff's complaint alleged that he had entered into a contract with the defendant for the construction of a finished basement in the plaintiff's home, that during the course of construction wall paneling was delivered and stacked vertically

---

[1] Pursuant to Practice Book § 604, the plaintiff reserved his right to appeal on this issue until final judgment had been rendered in the case.

against a wall in the basement, and that the plaintiff was injured when those panels fell on his leg. The pleadings were closed and the case was claimed for the jury docket in February, 1970. In March, 1976, the defendant filed its motion to strike the case from the jury list. A court trial was held in May, 1976, and judgment was rendered for the defendant.

The plaintiff claims on appeal that the court erred in enforcing the jury waiver clause because the clause was unconscionable and did not reflect the intention of the parties to the contract, and because the defendant was guilty of inordinate delay in moving to strike the case from the jury list.[2]

As to the first element of the claim, the court found that the contractual provision in question was a valid waiver of jury trial for any action under the contract. The contract itself is not reproduced in the record or in an appendix to the plaintiff's brief. Further, there is no evidence reprinted in an appendix which would support the claims of lack of intent to be bound to such a provision or unequal bargaining power. See Practice Book § 628G. Under these circumstances, we are bound by the finding of the court that the provision was a valid waiver.

On the issue of unreasonable delay, the court found that the plaintiff was not prejudiced by the

[2] The plaintiff also claims error in the court's refusal to find certain facts set forth in the draft finding and in its finding certain facts without evidence. Additions to the finding will be made only where facts are material and admitted or undisputed. Practice Book § 628 (a); *Tremblay* v. *Connecticut State Employees' Retirement Commission,* 170 Conn. 410, 412, 365 A.2d 1125 (1976). The additions sought here are not material and will therefore not be added.

The findings claimed to be made without evidence are supported by the plaintiff's complaint and by testimony included in the defendant's brief and will not be corrected.

delay and that the defendant was consequently not guilty of laches. See *Bianco* v. *Darien,* 157 Conn. 548, 556, 254 A.2d 898 (1969); *Kurzatkowski* v. *Kurzatkowski,* 142 Conn. 680, 684–85, 116 A.2d 906 (1955). "A conclusion that a . . . [party] has been guilty of laches is one of fact for the trier and not one that can be made by this court, unless the subordinate facts found make such a conclusion inevitable as a matter of law." *Kurzatkowski* v. *Kurzatkowski,* supra, 684. Here, the conclusion of the court is supported by the subordinate facts found, and the plaintiff has offered no evidence to challenge those findings of fact. The conclusion must thus be allowed to stand.

There is no error.