[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON SUMMARY JUDGMENT
This plaintiff was injured in a collision which occurred on August 21, 1987. His brother, acting as his attorney, negotiated with Nationwide Insurance Company. A letter from a Nationwide representative bearing the date of August 4, 1988 requesting medicals, listed the date of accident as August 21, 1988. The defendant interposed a special defense of statute of limitations. The action was not commenced until April 5, 1990 and the defendant's special defense alleges that this action was barred by section 52-584 of the Connecticut General Statutes. To this the plaintiff has interposed a reply to the special defense alleging that the defense should be, barred by doctrines of estoppel because the plaintiff's counsel was misled as to the date of his brother's accident by the adjuster's letter.
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issue exists. Nolan v. Borkowski, 206 Conn. 495, 500.
There are two essential elements to an estoppel. First, the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; secondly the other CT Page 1210 party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done. Spear Newman, Inc. v. Modern Floors Corporation,149 Conn. 88, 91. Whether these elements exist in a question of fact.
It is true that the adjuster's letter dated August 4, 1988 references the date of the accident as having occurred seventeen days into the future on August 21, 1988 but for the purposes of a summary judgment motion, inferences from underlying facts contained in evidentiary materials must be viewed in the light most favorable to the party opposing summary judgment. Rotophone, Inc. v. Danbury Hospital,13 Conn. App. 230, 232-233. The finder of fact will have to determine the factual issue as to whether there was detrimental reasonable reliance on the date of accident in the adjuster's letter.
For all of these reasons, the motion is denied.
FLYNN, JUDGE