[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in the above entitled matter has moved to strike the defendants' counterclaim on the grounds that the first count is barred by the doctrine of merger and the second count has no legal basis.
Count one of the defendants' counterclaim alleges that the plaintiff breached the contract of sale of the subject property in that the plaintiff stated in the addendum to contract that:
"The Seller acknowledges that the Buyer has entered into CT Page 4225 this contract with the express intention and understanding that the office located on the premises has been approved by the appropriate agencies of the Town of Easton, that it is not in violation of any zoning laws of said Town and that the Buyer will be able to use the same as a doctor's office."
The second count of the defendant's counterclaim alleges that, based upon the plaintiff's actions and representations to the defendants, plaintiff is estopped from now claiming legal title to the property in dispute. The defendants allege that a representation was made by the plaintiff as previously stated and that the defendants purchased the property in reliance on that representation. Further, the defendants allege that for three years after they purchased the property and openly used the disputed parcel, no claim was made by the plaintiff that the defendants did not have title to the same.
The general rule is that "acceptance of a deed in pursuance of articles of agreement for the conveyance of land is prima facie the completion of the contract and all stipulations contained therein . . . are merged in the deed although omitted therefrom." Annot., 84 ALR 1008, 1010. However, as stated in Knight v. Breckheimer, 3 Conn. App. 487, 491 (1985), "the merger doctrine does not apply to those provisions of the antecedent contract which the parties do not intend to be incorporated in the deed."
Although acceptance of the deed is prima facie, that is not dispositive of the issue. Rather, a party seeking to avoid the merger doctrine, may defeat the presumption by producing evidence of intent that certain stipulations and representations in the contract of conveyance were to survive the deed. Additionally, mistakes and misrepresentations that can be viewed as tantamount to fraud can be relied upon to obviate the rule. The defendants have pled that certain misrepresentations of office use and zoning compliance were made in the contract and relied upon by them. The Court must assume the truth of these allegations and view them in the manner most favorable to the pleader. Sheets v. Teddy's Frosted Foods, 179 Conn. 471 (1780). Accordingly, the Court finds the defendants' first counterclaim sufficient to state a cause action and withstand the plaintiff's motion to strike.
In the second count of the counterclaim, the defendants incorporated those portions of the first count that set forth the terms of the contract of conveyance which relate to title to the subject property; defendants also state that they purchased the property in reliance on the plaintiff's representations contained therein and further, that in reliance on such representations, they were injured. And, finally, they state CT Page 4226 that for three years after closing, they openly used the disputed parcel and met with no resistance or even an adverse claim. These allegations satisfy the requirements for a claim of estoppel. Spear-Newman, Inc. v. Modern Floor Corp.,149 Conn. 88, 91 (1961). When viewed in a light most favorable to the pleader, they are also sufficient to withstand the plaintiff's motion to strike.
KATZ, J.