[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
On January 27, 1997, the plaintiff, Citicorp Mortgage, Inc. (Citicorp), instituted this foreclosure action against the defendant, Brian E. Donnelly. Citicorp alleges that by note dated June 29, 1990, Donnelly promised to pay to Citicorp the amount of $143,000, and that Donnelly secured this note by mortgaging a parcel of land in Watertown, known and designated as 244 Middlebury Road. Citicorp alleges that Donnelly is in default under the terms of the note and seeks, inter alia, a foreclosure of the mortgage.
On June, 20, 1997, Donnelly filed an answer and one special defense. Donnelly's special defense alleges that Citicorp is equitably estopped from obtaining a judgment of foreclosure, in that the parties have a bona-fide dispute over the outstanding amount due and that Citicorp has failed to provide the defendant with a payment history of the account or an explanation of the amount claimed due. On July 18, 1997, Citicorp filed a motion to strike the defendant's special defense, on the grounds that this special defense fails to comply with Practice Book § 164 and that it fails also to attack the making, validity or enforcement of the note and mortgage. Donnelly filed a memorandum in opposition.
 II.
Practice Book § 164 defines the parameters of a valid CT Page 13788 special defense and provides in pertinent part: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged." "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73 (1992).
A motion to strike replaced the demurrer in our practice and is appropriate to challenge the legal sufficiency of a special defense. Nowak v. Nowak, 175 Conn. 112, 116 (1978); Practice Book § 152(2). When ruling on a motion to strike a special defense, the court must "take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536 (1992). "[I]f facts provable under the allegations would support a defense or cause of action, the . . . [motion to strike] must fail." Ferryman v. Groton, 212 Conn. 138, 142 (1989). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the [pleading]." S.M.S. TextileMills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C.,32 Conn. App. 786, 796 (1993).
The traditional defenses that are available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. See Petterson v. Weinstock, 106 Conn. 436,441 (1927). However, "[i]t is well established that a foreclosure action constitutes an equitable proceeding . . . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done . . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Citation omitted; internal quotation marks omitted.) Citicorp Mortgage, Inc. v. Burgos, 227 Conn. 116, 120,629 A.2d 410 (1993). In recognition of such, courts have allowed mistake, accident, and fraud; Petterson v. Weinstock, supra,106 Conn. 442; CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. Dime Savings Bank v. Albir, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket CT Page 13789 No. 132582 (February 7, 1995, D'Andrea, J.). Equitable estoppel also has been recognized as a defense in a foreclosure action.Tradesmens National Bank of New Haven v. Minor, 122 Conn. 419,424-25 (1937).
"These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note."Berkeley Federal Bank Trust v. Phillips, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (January 23, 1996, West, J.). "The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) DimeSavings Bank v. Albir, supra; see also Berkeley Federal Bank Trust v. Phillips, supra; Rinere v. M. Kalfus Building Design, Superior Court, judicial district of New Haven, Docket No. 888220 (January 30, 1997, Celotto, S.T.R.).
"Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage." Shoreline Bank Trust Co. v. Leninski, Superior Court, judicial district of New Haven, Docket No. 335561 (March 19, 1993, Celotto, J.) (8 CSCR 570). Thus, courts have held that negotiations following default do not go to the making, validity or enforcement of the note. See Citibank v. McCue, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 137933 (March 28, 1995, Lewis, J.);Provident Financial Service v. Berkman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.); Bank of Boston v. Calabrese, Superior Court, judicial district of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J.).
In the present case, Citicorp contends that Donnelly's special defense of equitable estoppel should be stricken on the grounds that the defendants fail to allege facts that give rise to an equitable estoppel defense and the special defense does not attack the making, validity or enforcement of the note.
"Estoppel has its roots in equity and stems from the `voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might CT Page 13790 perhaps have otherwise existed . . . as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse. 3 Pomeroy, Equity Jurisprudence (5th Ed. 1941) § 804, p. 189; 28 Am.Jur.2d, Estoppel and Waiver § 76; accord Spear-Newman, Inc. v. ModernFloors Corporation, 149 Conn. 88, 91, 175 A.2d 565 (1961);Tradesmens National Bank of New Haven v. Minor, 122 Conn. 419,424, 190 A. 270 (1937); MacKay v. Aetna Life Ins. Co.,118 Conn. 538, 548, 173 A. 783 (1934).'" Boyce v. Allstate Ins. Co.,236 Conn. 375, 383-84 (1996). "Successful assertion of the doctrine of equitable estoppel requires proof of two elements: (1) a statement or action by the party against whom estoppel is claimed designed to induce reliance on that statement or action; and (2) a changed position by the second party in reliance on the act or statement of the first that results in loss or injury to the second party . . . . For estoppel to exist, there must be misleading conduct resulting in prejudice to the other party." (Citation omitted; internal quotation marks omitted.)Rosenfield v. Metals Selling Corp., 229 Conn. 771, 793-94
(1994).[1]
Here, Donnelly's special defense fails to allege any facts satisfying either prong. The special defense does not allege that Citicorp acted or made any statement inducing reliance nor does it allege any change of position or any incurred injury which Donnelly would not otherwise have experienced. Moreover, Donnelly's special defense attacks post-default acts and procedures of Citicorp, not the making, validity or enforcement of the note.
The motion to strike Donnelly's special defense is granted.
An order may enter accordingly.
WILLIAM PATRICK MURRAY, J. A Judge of the Superior Court