[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE FROM JURY LIST #115
This action involves the alleged default of three commercial mortgage notes. The notes, respectively dated December 24, 1997, March 14, 1991, and April 20, 1990, were all executed by the defendants James Moore and Peggy Moore in favor of First Union, the successor by merger with Centerbank, formerly known as Great Country Bank, the original mortgagee. The Moores have allegedly failed to make payments in accordance with the terms of all three notes.
The defendants have filed a jury claim, and the plaintiff has moved to strike that claim, contending that the defendants have waived their rights to trial by jury. The notes dated December 24, 1997 and March 14, 1991 do not contain jury waiver provisions, but the April 20, 1990 note does contain such a provision directly above the borrowers signature lines. First Union has filed a certificate of closed pleadings claiming the matter as a court trial. The Moores have filed an objection to the motion to strike the jury claim and an objection to the plaintiffs court side claim. The plaintiff sought oral argument, which the undersigned has granted, on its motion to strike, and neither side requested permission to introduce testimony.
Although a party may move that a case be stricken from the jury docket; see LR Realty v. Connecticut National Bank, 246 Conn. 1, 17, 715 A.2d 748
(1998), aff'd after remand, 53 Conn. App. 524, 732 A.2d 181 (1999), cert. denied, 250 Conn. 901, 734 A.2d 984 (1999) (holding that the trial court properly granted the defendant's motion to strike the action from the jury docket); the appropriate procedural vehicle for challenging a claim for jury trial is by objection. See Town of Wallingford v. Reliance Ins.Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 420955 (January 13, 2000, Silbert, J.) (26 Conn.L.Rptr. 270, 274 n. 3), where this court previously stated that "[f]ormer Practice Book § 282, authorizing the use of a motion to strike to remove a case from the jury list was repealed effective October 1, 1996. The repeal of the Practice Book section was not intended to eliminate the ability of a party to challenge a claim to a jury trial at the time the claim is filed. See People's Bank v. Dauphin, Superior Court, judicial district of Tolland at Rockville, Docket No. 56120 (June 13, 1997, Rittenband, J.) CT Page 6532 (19 Conn.L.Rptr. 614, 615)."
Although First Union filed a motion to strike, rather than an objection, to the jury trial claim, the Moores have not raised an objection in their opposing memorandum of law regarding the proper procedural mechanism to strike the jury trial claim. "Where an opposing party fails to raise a technical error on a motion, however, a court can treat the improperly named motion as the procedurally proper mechanism that it should have been." (Internal quotation marks omitted.) Town ofWallingford v. Reliance Ins. Co., supra, Superior Court,26 Conn.L.Rptr. 271. Therefore, in accordance with this court's rulings in Town ofWallingford v. Reliance Ins. Co., supra, and Dietz v. Yale-New HavenHospital, Superior Court, judicial district of New Haven at New Haven, Docket No. 368317 (June 22, 1998, Silbert, J.) (22 Conn.L.Rptr. 358, 360 n. 1), First Union's motion to strike the Moores' jury trial claim will be treated as an objection pursuant to Practice Book § 14-10.
In the present case, the right to a jury trial depends on (1) whether the claims, counterclaims and defenses are characterized as legal or equitable in nature; and (2) whether the jury waiver provision contained in the April 20, 1990 note is a valid and effective waiver.
Both the United States and Connecticut constitutions contain provisions guaranteeing a right to a jury trial. See U.S. Const., amend. VII; Conn. Const., art. I, § 19. Since "[t]he seventh amendment to the United States constitution applies only in federal courts;" Gluck v. Gluck,181 Conn. 225, 227, 435 A.2d 35 (1980); whether there is a right to a jury trial in a state court proceeding is a question of state law. The standard for determining whether a party is entitled to a trial by jury under this State's constitution is well established. "The constitution of Connecticut, article first, § 19, states that the right of trial by jury shall remain inviolate. This particular provision of our constitution has been consistently construed by Connecticut courts to mean that if there was a right to a trial by jury at the time of the adoption of the provision, then that right remains intact. . . . It is generally held that the right to a jury trial exists not only in cases in which it existed at common law and at the time of the adoption of constitutional provisions preserving it, but also exists in cases substantially similar thereto. . . . Equitable actions, therefore, are not within the constitutional guarantee of trial by jury." (Citations omitted; internal quotation marks omitted.) Skinner v. Angliker, supra,211 Conn. 373-74. "If the action existed at common law and involved a legal remedy, the right to a jury trial exists . . ." Id., 376.
First Union's suit on the notes is an action that was recognized at common law and involves legal remedies. "The common law rules requiring a CT Page 6533 creditor to choose between an action at law on the note and an action at equity by foreclosing remains in effect. It is well established that a mortgagee has two separate and distinct causes of action against a defaulting mortgagor. A mortgagee may pursue an action at law for the amount due on The promissory note, or it may pursue its remedy in equity and foreclose on the mortgage. . . . The mortgagee may also pursue both of these remedies simultaneously in one consolidated foreclosure suit." (Internal quotation marks omitted.) Federal Deposit Ins. Co. v. Voll,38 Conn. App. 198, 206, 660 A.2d 358, cert. denied, 235 Conn. 903,665 A.2d 901 (1995). "[I]n an action on a promissory note, unlike in the deficiency judgment procedure, the issues of whether any debt is owning and, if so, the amount of the debt owed must be resolved. Those issues, not the issue of property value, are resolved by a jury in an action on a note." Id., 209. In light of the foregoing authority, that the right to a jury trial clearly exists in the present case on the claims relating to the notes dated December 24, 1997, and March 14, 1991, which do not contain jury waiver provisions, because they are actions at law on the notes.
In their counterclaim, the Moores have asserted several legal issues for which legal as well as equitable relief is sought. "When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers. . . . Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action at law, either party has a right to have the legal issues tried to the jury, even though equitable relief is asked in order to give full effect to the legal rights claimed. . . . This analysis must be performed in the context of the pleadings when read as a whole." (Citations omitted; internal quotation marks omitted.) NortheastSavings, F.A. v. Plymouth Commons Realty Corp., 229 Conn. 634, 641-42,642 A.2d 1194 (1994). "A defendant's election to raise legal claims in the form of a counterclaim, rather than in a separate suit, does not signify a waiver of his right to a jury trial on such claims."Connecticut National Bank v. Rytman, 241 Conn. 24, 53 694 A.2d 1246
(1997). In reading the Moores' counterclaim as a whole, although equitable relief is sought, the essential basis of the Moores' claims is legal and, thus, they have the right to a jury trial on their counterclaims.
The Connecticut Supreme Court has held that prelitigation contractual jury trial waivers are not against public policy and are not unenforceable per se. See Leary v. Stylarama of New Haven, Inc.,174 Conn. 217, 218, 384 A.2d 377 (1978); Nowey v. Kravitz, CT Page 6534133 Conn. 394, 396, 51 A.2d 495 (1947). "[T]he right to a jury trial is a right which, like other rights, may be waived but . . . it is a right the waiver of which is not to be inferred without reasonably clear evidence of the intent to waive." (Internal quotation marks omitted.) LR Realty v. Connecticut NationalBank, supra, 246 Conn. 10. "The standard by which the trial court determines the validity of a jury trial waiver is a question of law that is subject to de novo review." Id., 8. "[J]ury trial waivers entered into in advance of litigation are enforceable where there is clear evidence of an intent to waive." Id., 14.
"[I]n accordance with [the Connecticut Supreme Court's] public policy favoring freedom of contract and the efficient resolution of disputes . . . express commercial[1] contractual jury trial waivers entered into prior to litigation are presumptively enforceable. In order to rebut this presumption, the party seeking to avoid the waiver must come forward with evidence that it clearly did not intend to waive the right to a jury trial. Such evidence may be apparent on the face of the agreement, such as where the waiver is in particularly fine print or is buried in the middle of a voluminous document. In addition, the party seeking to avoid enforcement may come forward with evidence that there was an inequality of bargaining power, that he or she was not represented by counsel, or other evidence indicating a lack of intent to be bound by the waiver provision. Once the party seeking to invalidate the waiver has come forward with such evidence, the trial court must hold a hearing at which additional evidence may be received. At this hearing, the party seeking to avoid the waiver carries the burden of proving, by a preponderance of the evidence, the lack of clear intent to be bound by the waiver provision." (Citations omitted.) Id., 16.
The Connecticut Supreme Court has held that the following factors, which federal courts and other state courts generally look to in determining the validity of prelitigation contractual jury trial waivers, constitute evidence of the intent to waive the right to a jury trial: "(1) the conspicuousness of the waiver clause, including (a) its location relative to the signatures of the parties, (b) whether it was buried in the middle of a lengthy agreement, and (c) whether it was printed in a different typeface or font size than the remainder of the contract; (2) whether there was a substantial disparity in bargaining power between the parties to the agreement; (3) whether the party seeking to avoid enforcement was represented by counsel; (4) whether the opposing party had an opportunity to negotiate the terms of the agreement; and (5) whether the opposing party had been fraudulently induced into agreeing specifically to the jury trial waiver." Id., 15.
"Whether a party has waived his right to a jury trial presents a CT Page 6535 question of fact for the trial court." Krupa v. Farmington River PowerCo., 147 Conn. 153, 156, 157 A.2d 914 (1959), cert. denied, 346 U.S. 506, 81 S.Ct. 281, 5 L.Ed.2d 258 (1960). "Waiver may be made by the specific and knowing agreement of the parties. The mere inclusion of a waiver provision in a document does not in and of itself automatically in all instances constitute a binding waiver by the party against whom waiver is claimed."Connecticut National Bank v. Swanney Toyota, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 506919 (June 9, 1993, Sullivan, J.) (9 Conn.L.Rptr. 241, 242). "Although the court is aware of the fact that people are to be held responsible for duties they freely undertake in entering contracts, and that they are responsible for reading what they sign, the court is also aware of the importance of the right to a jury trial. A waiver of a jury trial is invalid if the defendant was either unaware of the waiver, or a victim of unfair dealing or mistake." Centerbankv. Fazzone, Superior Court, judicial district of Litchfield, Docket No. 66746 (October 19, 1995, Pickett, J.) (15 Conn.L.Rptr. 377, 378).
First Union argues that the waiver set forth in the note is fully enforceable as a matter of law and that the Moores expressly and unambiguously, in writing, waived their right to a jury trial. First Union further asserts that it is well established that the right to a jury trial may be waived, that the same sort of waiver contained in the subject note in this case was also contained in LR Realty v. ConnecticutNational Bank, supra, 246 Conn. 16-17, and that, consequently, just as that court enforced a written jury trial waiver in a loan document against a defendant-borrower, the same result should occur here.
The Moores contend that the alleged waiver was not knowingly or voluntarily executed and, therefore, should not be enforceable. They argue that the five factors listed in LR Realty v. Connecticut NationalBank, supra, 246 Conn. 10-11, for determining the validity of jury trial waivers, have not been met and the circumstances surrounding the execution of the promissory note containing the alleged jury waiver weigh heavily against the enforceability of such a waiver in the present case. Particularly, the Moores argue that they were not represented by independent counsel when signing the note, had no opportunity to negotiate the terms of the note, and that no counsel, officer or representative of the Bank explained any of the terms of the note at issue. They claim that a bank representative or employee told them that there was no need to retain counsel to review the note because an attorney would be present at the mortgage signing. CT Page 6536
Furthermore, the Moores argue that the jury waiver language is ambiguous, confusing, and inconspicuous in that it is not printed in a type face or font size different from that of the other typing in the note. They further claim that the jury waiver language does not indicate what claim or scenario they were supposedly waiving their right to a jury trial. The Moores also claim that First Union's status does not entitle it to enforce the alleged jury waiver, since First Union was not a party to the note but a current claimed holder.[2]
The Moores submitted an affidavit with their objections to the plaintiff's motion to strike the jury claim that arguably constitutes evidence that at least Mr. Moore did not wish to waive his right to a jury trial. (The statements in Mr. Moore's affidavit as to what his wife thought or believed are not considered by the court, and Mrs. Moore did not submit an affidavit.) The defendants did not seek to introduce any additional evidence upon which the court might be able to determine that the Moores did not knowingly and voluntarily agree to waive their right to a jury trial.
In the affidavit, James Moore states the conclusion that he did not knowingly waive his right to a jury trial. He states that the supposed jury waiver in the note was never pointed out or brought to his attention and that his execution of the note at Great Country Bank occurred in a hasty and hurried manner taking no more than five minutes and that nothing concerning the matter at issue in this motion was discussed. Moore claims that it was indicated to him that he need not have an attorney or anyone review the note because it was a standard note and a lawyer would look at the mortgage that would be signed later. Moore also claims that Great Country Bank failed to give him and his wife accurate and full information regarding the terms of the note, but he fails to specify any specific information that was not given or why it might have been material to his decision-making. He also states that he found the language regarding the jury waiver on the note to be confusing and not applicable to all the claims asserted in the present case.
These averments, while perhaps sufficient to raise a question about the validity of the waiver, are not sufficient to prove "by a preponderance of the evidence, the lack of clear intent to be bound by the waiver provision." (Citations omitted.) LR Realty v. Connecticut National Bank, supra, 246 Conn. at 16. In the subject note, the "waiver of jury trial" provision is in bold typeface and capital letters and located above the signature lines. It could hardly have been more conspicuously placed. Under those circumstances, that the Moores were not represented by counsel and were advised that the assistance of counsel in reviewing the subject note was unnecessary does not seem particularly relevant. There is certainly no allegation of fraud or duress. "The general rule is that CT Page 6537 where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to read it and notice of its contents will be imputed to him if he negligently fails to do so; but this rule is subject to qualifications, including intervention of fraud or artifice, or mistake not due to negligence, and applies only if nothing has been said or done to mislead the person sought to be charged or put a [person] of reasonable business prudence off his [or her] guard in the matter." (Quotation marks omitted.) DiUho v. Goulet, 2 Conn. App. 701, 704,483 A.2d 1099 (1984). The evidence presented here does not establish "intervention of fraud or artifice." If signing the form was a mistake, the defendants have not established that it was one "not due to negligence", and the evidence does not show that something was "said or done to mislead the person sought to be charged or put a [person] of reasonable business prudence off his [or her] guard in the matter." The waiver provision as to this note is therefore valid.
At oral argument on the motions under consideration, First Union moved to bifurcate the trial and requested that issues relating to the April 20, 1990 note containing the jury waiver provision be tried to the court. The court has authority to bifurcate trial pursuant to General Statutes § 52-205 and Practice Book § 15-1. General Statutes § 52-205
provides that the court may determine the order in which issues shall be tried: "In all cases, whether entered upon the docket as jury cases or court cases, the court may order that one or more of the issues joined be tried before the others." Similarly, Practice Book § 15-1 provides that the judicial authority may order that certain issues be tried before others whether entered on the docket as jury or court cases. "Where the pleadings in an action present issues both of law and of fact, the issues of law must be tried first, unless the judicial authority otherwise directs. If some, but not all, of the issues in a cause are put to the jury, the remaining issue or issues shall be tried first, unless the judicial authority otherwise directs." Practice Book § 15-1.
"Bifurcation of trial proceedings lies solely within the discretion of the trial court. . . . The interests served by bifurcated trials are convenience, negation of prejudice and judicial efficiency. . . . Bifurcation may be appropriate in cases in which litigation of one issue may obviate the need to litigate another issue." (Citations omitted.)Reichhold Chemicals, Inc. v. Hartford Accident Indemnity Co.,243 Conn. 401, 423, 703 A.2d 1132 (1997). In this case, the decision is best reserved to the trial court, which can consider the entire evidentiary posture as it exists at the time the case is reached for trial.
To summarize, in light of the court's findings that the jury waiver CT Page 6538 with respect to the April 20, 1990 note is valid, that there is a right to a jury trial as to the other two notes, and that there was no waiver provision with respect to those notes, the motion to strike the jury claim is denied. The judge to whom the case is eventually assigned for trial will determine the best manner to proceed with respect of the issues surrounding the April 20, 1990 note.
Jonathan E. Silbert, Judge